2006 BNH 049

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                          Bk. No. 06-10769-MWV
                                                                                                Chapter 13
Erin M. Teixeira,
            Debtor

*Alexander G. Nossiff, Esq.*
NOSSIFF & GIAMPA, P.C.
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Chapter 13 Trustee*

### MEMORANDUM OPINION

This case involves an above-median debtor whose financial circumstances have changed since filing her bankruptcy petition. Before the Court is the Chapter 13 trustee's motion to dismiss Erin M. Teixeira's (the "Debtor") bankruptcy case on the ground that her Chapter 13 plan payments are less than her "projected disposable income." At a December 12, 2006, hearing, the Court took plan confirmation and the motion to dismiss under advisement.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

On July 6, 2006, the Debtor filed a Chapter 13 petition. On Form B22C, the Debtor reported a monthly gross income of $2,154 for herself and $6,000 for her non-debtor husband, a total of $8,154 that, when multiplied by twelve, yields an annualized current monthly income of $97,848. Because this figure is higher than New Hampshire's $70,677 median income for a family of three applicable at the time of filing,

the Debtor is an above-median debtor. See 11 U.S.C. § 1325(b)(3)(B). After deducting the standard expenses allowed an above-median debtor pursuant to sections 1325(b)(3) and 707(b),[1] Part V of Form B22C reveals the Debtor's "disposable income" for purposes of section 1325(b)(2) to be $1,619.52 per month. Since filing her petition, the Debtor's financial circumstances have changed. Amended Schedule I shows that the Debtor's husband's monthly income has dropped from $6,000 to $5,350. The Debtor's second amended plan proposes payments of $880 per month for sixty months—a total of $52,800.[2]

## DISCUSSION

The Trustee objected to confirmation of the Debtor's plan on the ground that the Debtor is not committing all of her "projected disposable income" to the plan as required by section 1325(b)(1)(B), which provides that if the trustee or an unsecured creditor objects to confirmation, the Court may only confirm a plan if "the plan provides that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors."  11 U.S.C. § 1325(b)(1)(B). The Trustee's position is that the Debtor's "projected disposable income" is $1,619.52—the same as "disposable income" listed in Form B22C and arrived at pursuant to section 1325(b)(2). Section 1325(b)(2) provides that "disposable income" is "current monthly income . . . less amounts reasonably necessary to be expended."[3] 11 U.S.C. § 1325(b)(2). "Current monthly income" is a defined term meaning "the average monthly income from all sources that the debtor receives . . . during the 6-month period" immediately prepetition. 11 U.S.C. § 101(10A). The issue before the Court is whether the "disposable income" figure resulting from section 1325(b)(2)'s formula is also the Debtor's "projected disposable income" that she is required to pay under section 1325(b)(1)(B).

---

[1] All statutory section references herein are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101–1532.

[2] On December 18, 2006, while the Court was preparing this memorandum opinion, the Debtor filed a third amended Chapter 13 plan in which the Debtor increased the monthly payments to $940. Because this figure is still less than the amount argued by the trustee, the Court does not consider the matters under advisement to be moot.

[3] The term "amounts reasonably necessary to be expended" is hereinafter referred to as "expenses."

This Court has previously concluded that "projected disposable income" used in section 1325(b)(1)(B) means something different than "disposable income" used in section 1325(b)(2). See In re Kibbe, 342 B.R. 411, 414 (Bankr. D.N.H. 2006). The term "projected" is forward-looking, whereas "current monthly income" is based on the debtor's income during the six-month period prior to filing. Id. To give effect to the word "projected," "'projected disposable income' must be based upon the debtor's anticipated income during the term of the plan, not merely an average of her prepetition income." Id. (quoting In re Hardacre, 338 B.R. 718, 722 (Bankr. N.D. Tex. 2006)); see also In re Jass, 340 B.R. 411, 415–16 (Bankr. D. Utah 2006); In re Fuller, 346 B.R. 472, 482 (Bankr. S.D. Ill. 2006). Kibbe involved a below-median debtor whose income substantially increased immediately before filing, resulting in "current monthly income" significantly lower than her actual income going forward. The debtor argued that she was not required to make any payments to unsecured creditors. Id. at 413–14. The Court rejected the debtor's position, holding that, despite her lack of "disposable income" under section 1325(b)(2), her change in circumstances necessitated that the "projected disposable income" she was required to pay under section 1325(b)(1)(B) be determined by reference to Schedules I and J. Id. at 415. Like the debtor in Kibbe, this Debtor has experienced changed circumstances, and the "disposable income" calculated with section 1325(b)(2)'s formula is not representative of the Debtor's *projected* disposable income that she actually expects to earn during the term of her plan.

A framework for debtors, trustees, and courts is needed. In order to determine whether a Chapter 13 plan applies all of a debtor's "projected disposable income," the Court substantially adopts the model set forth in In re Jass. There shall be a presumption that there has been no substantial change in the debtor's income and, therefore, that "disposable income" is the same as "projected disposable income." In re Jass, 340 B.R. at 418–19; see also In re Casey, 2006 WL 3071401, at *3–4 (Bankr. E.D. Wash. Oct. 27, 2006) (agreeing with In re Jass that when the debtor's financial circumstances have not changed, "the 'disposable income' reflected on the debtor's Form B22C . . . will in reality be the debtor's 'projected disposable income'"). Thus, in ordinary cases, below-median and above-median debtors will determine their

- 3 -

"disposable income" pursuant to section 1325(b)(2) by subtracting expenses from "current monthly income." In this calculation, below-median debtors shall refer to Schedule J for expenses, and above-median debtors shall proceed to section 1325(b)(3) and deduct standard expenses pursuant to section 707(b).  See In re Kibbe, 342 B.R. at 414 n.5; 11 U.S.C. § 1325(b)(3) (above-median debtor's expenses "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)").  The resulting "disposable income" will also be the "projected disposable income" for purposes of section 1325(b)(1)(B).

A moving party may rebut the presumption of no change by "show[ing] that there has been a substantial change in circumstances such that the numbers contained in Form B22C are not commensurate with a fair projection of the debtor's budget in the future."  In re Jass, 340 B.R. at 418.  If the presumption is rebutted, below-median debtors will use Schedule I to determine income[4] and Schedule J to determine expenses, as set forth in Kibbe.  Above-median debtors will use income from Schedule I to determine income,[5] but will continue to deduct the standard expenses permitted under sections 1325(b)(3) and 707(b).[6]

---

[4] The Schedule I income used in this situation shall not include types of income excluded from "current monthly income" by section 101(10A) (Social Security Act benefits and payments to victims of war crimes, crimes against humanity, and terrorism) and section 1325(b)(2) (child support payments, foster care payments, and certain disability payments for a dependant child).

[5] See supra note 4.  Also, an above-median debtor shall not take the deductions on Lines 4 and 5 of Schedule I because such debtor's proper deductions are contained in Form B22C.

[6] On this last point—how to calculate the expenses of an above-median debtor whose circumstances have changed—the Court parts ways with In re Jass, which instructs such debtors to use "Schedules I and J to determine the debtor's 'projected disposable income.'"  In re Jass, 340 B.R. at 418. The plain language of section 1325(b)(3) instructs that an above-median debtor's expenses "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)."  11 U.S.C. § 1325(b)(3). The Court sees no reason to deviate from this when a debtor has experienced a change in circumstances.

## CONCLUSION

In light of the foregoing, the Court abstains from ruling on the trustee's motion to dismiss at this time.  A hearing on the motion to dismiss and confirmation of the Debtor's third amended Chapter 13 plan will be held on <u>January 12, 2007, at 9:00 a.m.</u> in Bankruptcy Courtroom #1, 11th Floor, 1000 Elm Street, Manchester, New Hampshire.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 21st day of December, 2006, at Manchester, New Hampshire.

<u>/s/ Mark W. Vaughn</u>
Mark W. Vaughn
Chief Judge